846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BULLOCK CONSTRUCTION, INC., Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 87-1662.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 2, 1988.
Decided May 4, 1988.
 
 John Joseph Pyne (Peter E. Derry, Pyne & Derry, P.C. on brief) for appellant.
 John Handy Culver, III (Mark D. Gately, Miles & Stockbridge on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bullock Construction, Inc. ("Bullock") used Federal Express Corporation's ("Federal") ZapMail service in an attempt to correct a bid on a large Navy contract. Because of a system malfunction, Federal delivered the corrected bid after the deadline, and Bullock lost the contract. Bullock sued for lost profits of $1,000,000. The district court granted summary judgment for Federal based on contractual language limiting its liability for consequential damages. We affirm.
 
 
 2
 Upon discovering that its initial bid was incorrect on January 28, 1986, the bidding deadline, Bullock tried to send a correction via Federal's ZapMail service. ZapMail electronically transmits a facsimile copy of the sender's document to a remote Federal location, from where the copy is delivered to its ultimate destination. The parties agreed that the ZapMail copy would be delivered within two hours, beating the 2:00 p.m. deadline by less than an hour. Because of equipment problems, Federal did not deliver the correction until 4:20 p.m. Bullock did not get the contract, but asserts that its corrected bid would have been the low bid.
 
 
 3
 J.E. Bullock filled out the Federal airbill and tendered the airbill and document to be transmitted. The airbill contains language limiting Federal's liability on both the front and back. On the front it stated:
 
 
 4
 Limitation of liability. Our transmission or delivery may be delayed or affected by acts of God, mechanical failures, weather and human error. Transmission and delivery cannot be guaranteed. Our liability for delays, mistakes, omissions, interruptions, errors or defects in transmission or carriage not caused by your negligence shall be limited to a refund of your delivery charges.
 
 
 5
 If your document is lost or damaged, our liability is for transportation charges and damage to the document itself, limited to $100, unless you fill in a higher "declared value" (limited to a maximum declared value of $500 for domestic and $499 for international in any event) and pay an additional 30 [cents] for each additional $100 of declared value. We do not carry cargo liability insurance.
 
 
 6
 We won't be liable in any case for incidental, consequential or special damages.
 
 
 7
 Similar language appeared on the back. Both sides also contained language that the terms of the airbill controlled the relationship between Federal and the sender.
 
 
 8
 This action is for $1,000,000 in lost profits based on Federal's breach of the duty to inform Bullock of an inability to transmit. See, e.q., Ellison v. Western Union Telegraph Co., 163 N.C. 5, 79 S.E. 277 (1913).[1] Bullock argues that the airbill's language of limitation is ambiguous, and that its failure to include the duty to inform means that Federal did not limit its liability as to that duty. We do not agree.
 
 
 9
 The airbill specifically limits liability for "delays, mistakes, omissions, interruptions, errors or defects in transmission or carriage" and refers to possible delays due to "acts of God, mechanical failures, weather and human error." The failure to mention a particular duty such as the duty to inform does not diminish the broad scope of this language which is plainly meant to limit Federal's liability under all possible circumstances.
 
 
 10
 Furthermore, the airbill states, in identical language on both sides, "[w]e won't be liable in any case for incidental, consequential or special damages." This language is clear, not ambiguous. Federal is not liable under the language of the airbill for consequential damages, including lost profits.
 
 
 11
 Parties to a contract can validly limit liability and totally exclude liability for consequential damages. The language in Federal's airbill does both. Therefore, the district court's grant of summary judgment in favor of Federal is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The duty to inform of an inability to transmit is part of the law of telegraphy. It arises because of the instantaneous nature of telegraph transmission and the sender's reliance on that speed. If the telegraph operator is unable to send a message, the sender may want to explore alternate means of transmission. The similarities between ZapMail and telegraphy suggest that the duty to inform is equally applicable in the ZapMail context